UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LAFAYETTE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-189 |
| | ) | |
| GALIN MORTGAGE LENDING and MURRAY GALIN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259

F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a familiar litigant before this Court, having filed nine civil complaints, mostly challenging prison conditions, since 2000. Three of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Wright v. Blake, et. al., CV400-84, doc. 9 (S.D. Ga. June 23, 2000) (dismissing case as malicious under § 1915A); Wright v. Blake, et. al., CV400-226, doc. 3 (S.D. Ga. Sept. 13, 2000) (dismissing case as frivolous and for failure to state a claim); Wright v. Ringle, et. al., CV401-164, docs. 9, 12 (S.D. Ga. Aug. 1, 2001) (dismissal for failure to state a claim). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

2

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint involves matters related to the alleged "illegal" foreclosure of plaintiff's property.[1] Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 10th day of August, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff seeks to bring this § 1983 claim against a lender, Murray Galin, and his mortgage company. Plaintiff first alleges that the mortgage Galin received on a specific property was illegal and that the resulting foreclosure was illegal. Plaintiff then alleges that Galin's note was canceled prior to a foreclosure on the property and contests the price and, apparently, the distribution of the foreclosure proceeds. Plaintiff prays for possession of this property (and another property) as well as damages resulting from the "illegal" foreclosure(s).